# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Mark Colin Jennings II,

              Plaintiff,       Case No. 17-cv-10111

v.                                    Judith E. Levy
                                    United States District Judge

Lorraine Cheek, *et al.*,

                                    Mag. Judge David R. Grand

            Defendants.

_____/

## OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION [24] AND GRANTING DEFENDANTS' MOTION TO DISMISS [14]

On September 19, 2017, Magistrate Judge David R. Grand issued a Report and Recommendation that recommended the Court grant defendants' pending motion to dismiss. (Dkt. 24.) On September 27, 2017, plaintiff timely filed objections to the Report and Recommendation. (Dkt. 26.) On October 10, 2017, defendants timely filed a response to the objections. (Dkt. 27.) On October 24, 2017, plaintiff filed a reply to the response, arguing that the defendants' response was untimely filed because it was not filed within fourteen days of his objections. (Dkt. 28.) This reply does not constitute an

objection to the Report and Recommendation, and is incorrect about the timing of the filing of defendants' response.

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Plaintiff does not object to the findings of fact or the legal rationale in the Report and Recommendation, and the Court adopts them in their entirety.

Plaintiff has filed three objections to the Report and Recommendation: (1) that he never consented to the jurisdiction of the Magistrate Judge pursuant to E.D. Mich. Local R. 73.1, rendering the Report and Recommendation moot; (2) the Magistrate Judge erred in denying plaintiff's request to issue subpoenas by not giving an "individualized reasoning" for the denial or holding a hearing; and (3) the Magistrate Judge cited a portion of E.D. Mich. Local R. 7.1(a)(2)(C) that plaintiff contends does not exist to justify defendants not seeking concurrence in the motion.

Plaintiff's first objection is that that this case was never referred to Magistrate Judge Grand because he never consented to have the Magistrate Judge "conduct all proceedings in a civil case and order entry of judgment in the case." E.D. Mich. Local R. 73.1(a). However, this case was referred under E.D. Mich. Local R. 72.1(a)(2)(C) and 28 U.S.C. § 636(b)(1)(B), which permit a district judge to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of [dispositive motions such as a motion to dismiss]." (*See also* Dkt. 8; Dkt. 24 at 1.) The consent of the parties is not required for such a designation. Accordingly, this objection is without merit.

Plaintiff's second objection is that the Report and Recommendation fails to address his request to issue subpoenas. In support of this objection, plaintiff argues that the subpoenas are required to show that a contractor relationship existed between Veterans Affairs and Covenant Hospital. (Dkt. 26 at 3.) As defendants note in their response to plaintiff's objection, plaintiff did not make this argument at any point before the Magistrate Judge issued the Report

and Recommendation. He may not do so now, because parties may not "raise at the district court stage new arguments or issues that were not presented to the [Magistrate Judge]." *Murr v. United States*, 200 F.3d 895, 907 n.1 (6th Cir. 2000).

Further, Magistrate Judge Grand thoroughly addressed plaintiff's request to issue subpoenas. (*See* Dkt. 24 at 4 n.3.) The Report and Recommendation states that the information plaintiff seeks is not relevant to any claim in this case, and so the request cannot be granted. (*Id*.) Assuming that plaintiff's objection requires the Court to perform a *de novo* review of his request for subpoenas, the Court is in full agreement with the Report and Recommendation. Plaintiff's desired discovery has no apparent relevance to any issue in this case. This objection is also without merit.

The Report and Recommendation states that defendants were not required to seek concurrence to file their motion to dismiss because E.D. Mich. Local R. 7.1(a)(2)(C) states that "[i]f concurrence is not obtainnted, the motion or request must state . . . [that] concurrence in this motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding pro se." (Dkt. 24 at 4.) Plaintiff

4

argues that no such rule existed at the time he filed this action. However, Magistrate Judge Grand accurately stated the rule, which was absolutely in effect at the time this suit was filed. This objection is without merit.

On review of the Report and Recommendation, it is hereby ordered that:

The Report and Recommendation (Dkt. 24) is ADOPTED;

Defendants' motion to dismiss (Dkt. 14) is GRANTED; and

This case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: November 17, 2017         s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2017.

                                 s/Shawna Burns
                                 SHAWNA BURNS
                                 Case Manager